**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Jason Davis,

Plaintiff

v.

H.D.S.P.,

Defendant

Case No.: 2:26-cv-00663-JAD-MDC

**Order Screening and Dismissing Complaint with Leave to Amend by October 21, 2026, and Denying Motion for Prison Transfer**

[ECF Nos. 1-1, 6]

Plaintiff Jason Davis brings this civil-rights action under 42 U.S.C. § 1983 against High Desert State Prison (HDSP) for two Eighth Amendment violations concerning exposure to toxic fumes. Because Davis applies to proceed in forma pauperis,[1] I screen his complaint under 28 U.S.C. § 1915A. Having done so, I find that Davis fails to state a claim because he cannot sue HDSP, the sole defendant in this action. So I dismiss his complaint in its entirety without prejudice, and I give Davis until October 21, 2026, to file a first amended complaint. And because Davis has not stated a colorable claim, I deny his emergency motion for a prison transfer.[2]

## Background

### A. Davis's factual allegations[3]

Davis alleges that he has been in a segregated housing unit at HDSP because a Mexican-affiliated gang wants him dead.[4] Davis's first segregated cell was constantly filled with smoke,

[1] ECF Nos. 1, 4.

[2] ECF No. 6.

[3] This is a summary of allegations and should not be taken as findings of fact.

[4] ECF No. 1-1 at 2.

which caused him heart and lung complications.[5] Caseworker Silver moved Davis to another segregated cell because he complained about the smoke issue,[6] but the smoke issue persisted in the new cell too.[7] The constant smoke inhalation causes Davis to fear for his health.[8] Davis has filed kites and grievances in the hopes that prison officials would move him to another cell.[9]

**B. Davis's claims**

Based on these events, Davis asserts Eighth Amendment claims for unsafe conditions of confinement and deliberate indifference to serious medical needs.[10] The sole defendant in this case is HDSP.[11] Davis seeks injunctive relief in the form of a prison transfer.[12]

## Discussion

**A. Davis's complaint is dismissed with leave to amend because he has not named a defendant who can be sued.**

A district court must dismiss a pro se plaintiff's lawsuit if it fails to state a claim upon which relief may be granted."[13] But "[a] *pro se* litigant must be given leave to amend his . . . complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."[14]

---

[5] *Id.*

[6] *Id.* at 2–3.

[7] *Id.* at 3.

[8] *Id.*

[9] *Id.* 4–5.

[10] *Id.* at 3–4.

[11] *Id.* at 1.

[12] *Id.* at 6.

[13] 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ. P. 12(b)(6); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

[14] *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

"Traditionally, the requirements for relief under § 1983 have been articulated as: (1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused by (3) conduct of a 'person' acting under color of state law."[15] Section 1983 authorizes suits against a "person" acting under the color of state law only. As a result, courts routinely hold that jails and prisons are not persons who can be sued under § 1983.[16] The only defendant that Davis identifies in this case is HDSP. Because HDSP is a building, not a person who can act or be sued, I dismiss he has failed to state a claim for relief, and his complaint must be dismissed.

But I grant Davis leave to file an amended complaint if he can identify a proper defendant that is a "person" under the statute, and not merely a building. To state a colorable claim in any amended complaint, Davis must allege facts that support at least one person made an intentional decision regarding his confinement, that the decision put Davis at substantial risk of suffering serious harm, and that serious harm resulted. Davis should also provide greater detail about the events contained in the complaint and how any prison officials, by name, were involved in his smoke exposure.

Davis does not have leave to add new claims. If he chooses to file an amended complaint, he is advised that an amended complaint replaces the original complaint, so the amended complaint must be complete in itself.[17] This means that Davis's amended complaint

---

[15] *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

[16] *See, e.g.*, *Smith v. Charleston Cty.*, 2019 WL 2870406, at *1 (D.S.C. June 11, 2019) ("Courts have routinely held that inanimate objects such as buildings, facilities, and grounds, such as the Sheriff Al Cannon Detention Center, do not act under color of state law and are not a 'person' subject to suit under § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the [Pembroke County Jail] is not a person amenable to suit."); *see also Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (detention facility and prison not "persons" subject to suit under § 1983).

[17] *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an

must contain all claims, defendants, and factual allegations that he wishes to pursue in this lawsuit. Davis must file the amended complaint on this court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." He must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights. He **must file the amended complaint by October 21, 2026.** Failure to amend by the deadline will result in the dismissal of this action without further prior notice and without prejudice.

**B. Without a colorable claim for relief, Davis cannot obtain injunctive relief.**

Davis has also filed a motion for prison transfer, claiming that he is still exposed to harmful smoke in his cell.[18] I liberally construe this pro se motion as one for a preliminary injunction.

Injunctive relief, whether temporary or permanent, is an "extraordinary remedy, never awarded as of right."[19] "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."[20] Furthermore, under the Prison Litigation Reform Act, preliminary injunctive

---

amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal).

[18] ECF No. 6 at 1–2.

[19] *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 24 (2008).

[20] *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter*, 555 U.S. at 20).

relief must be "narrowly drawn," must "extend no further than necessary to correct the harm," and must be "the least intrusive means necessary to correct the harm."[21]

Davis cannot show that he is likely to succeed on the merits of his case at this point because he has not stated a viable claim in his complaint. So I deny the motion for prison transfer at this time.

## Conclusion

IT IS THEREFORE ORDERED that Davis's complaint (ECF No. 1-1) **is DISMISSED** without prejudice and with leave to amend by October 21, 2026.

IT IS FURTHER ORDERED that the Clerk of Court is directed to **FILE** Davis's complaint (ECF No. 1-1) and **SEND** him the approved form for filing a § 1983 prisoner complaint, instructions for the same, and a copy of his complaint.

IT IS FURTHER ORDERED that Davis's motion for prison transfer **[ECF No. 6] is DENIED.** A decision on the application to proceed *in forma pauperis* (ECF Nos. 1, 4) is DEFFERED.

If Davis chooses to file an amended complaint, he must use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption. **If Davis does not file an amended complaint by October 21, 2026, this case will be dismissed without prejudice and without further prior notice.**

Dated: September 19, 2026

U.S. District Judge

[21] 18 U.S.C. § 3626(a)(2).